**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-50624

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

AARON SCOTT ELKINS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas, Midland
USDC No. 4:07-cr-00197

Before JOLLY, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Aaron Scott Elkins pleaded guilty to one count of receipt and possession of child pornography and one count of possession of child pornography. The district court sentenced him to 135 months of imprisonment on the former count and 120 months on the latter count, to run concurrently. The district court also imposed two concurrent ten-year terms of supervised release. Appellant challenges two special conditions of supervised release imposed by the district court. Finding that one of the challenged conditions in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the judgment conflicts with the district court's oral pronouncement, we STRIKE that condition and AFFIRM as MODIFIED.

At the sentencing hearing, the district court announced several special conditions of Elkins's supervised release. These special conditions were later set forth in the written judgment. Additionally, the written judgment provided that Elkins "shall not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer." Elkins contends that the district court erred in imposing this additional condition because it conflicted with the court's oral pronouncement of sentence. This claim is reviewed for abuse of discretion because the defendant did not have the opportunity to object at sentencing. *United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002). This Court has long recognized that "a defendant has a constitutional right to be present at sentencing." *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). If a conflict exists between a written sentence and an oral pronouncement, the oral statement controls. *Id*. Further, if the difference between the written judgment and the oral pronouncement simply constitutes an ambiguity, this Court "must look to the intent of the sentencing court, as evidenced in the record to determine the defendant's sentence." *Id*. (internal quotation marks and citation omitted).

More to the point, we have held that "[i]f the district court orally imposes a sentence of supervised release without stating the conditions applicable to this period of supervision, the judgment's inclusion of conditions that are mandatory, standard, or recommended by the Sentencing Guidelines does not create a conflict with the oral pronouncement." *Id*. at 938. Thus, if a condition is mandatory, standard, or recommended by the applicable guideline, "the written judgment simply clarifie[s] the meaning of that sentence by specifying what the

supervision [is meant] to entail." *Id*. (alternation in original) (internal quotation marks and citation omitted).

In the instant case, the government does not contend that the challenged condition which prohibits Elkins from associating "with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer" is mandatory, standard or recommended by the applicable guideline. Nonetheless, the government contends that the challenged condition is not a conflict but an ambiguity. More specifically, the government argues that it is clear that the district court intended to restrict Elkins's contact with minors. Although it is true that the district court verbally imposed other restrictions with respect to contact with minors, this condition is more "burdensome" in that it requires an adult, who has been previously approved by the probation officer, to supervise Elkins any time he associates with a minor. *See United States v. Bigelow,* 462 F.3d 378, 383 (5th Cir. 2006) (explaining that "the written judgment conflicts with the oral pronouncement by imposing a more burdensome requirement of prior approval, rather than merely notifying the probation officer when applying for, or having obtained, a new identification document").

Relying on *United States v. Mireles*, 471 F.3d 551 (5th Cir. 2006), the government asserts that this Court found no conflict between the written judgment and the oral pronouncement even though the written judgment did not contain language used in the oral pronouncement. In *Mireles*, the sentencing court orally imposed a condition that required the defendant, a truck driver, to announce to any police officer who stopped his vehicle while he was engaged in commercial activities that he was on supervised release for drug trafficking so that the officer could search the vehicle and his person. *Id*. at 558. However, the written judgment did not specifically contain the words "engaged in commercial activities." *Id*. Nonetheless, after reviewing the record, this Court determined

that the phrase "truck driving" in the written judgment applied only to commercial activity. Thus, it found no conflict. *Id.* at 558–59. In the instant case, it is clear that the challenged condition cannot be encompassed within any of the other orally pronounced conditions. *Mireles* thus offers the government no succor.

Here, the challenged condition in the written judgment is more burdensome than the oral pronouncements in that it requires a pre-approved adult to supervise Elkins any time he associates with a person less than 18 years of age. Because the condition in the written judgment is more burdensome than those imposed at the sentencing hearing, the written judgment conflicts with the oral pronouncements. *Bigelow*, 462 F.3d at 383. The district court abused its discretion in imposing the more burdensome condition. We therefore strike this condition from the judgment.[1]

Finally, in his brief, Elkins argued that the district court plainly erred by imposing a special condition of supervised release that prohibited his use of a computer without the prior approval of his probation officer. More specifically, he contended that the condition involves a greater deprivation of liberty than is reasonably necessary to achieve statutory goals. Subsequent to the filing of the briefs in this case, this Court rejected this argument. *United States v. Brigham*, --- F.3d ----, No. 08-10315, 2009 WL 1395839, at *10–12 (5th Cir. May 20, 2009). At oral argument, counsel admitted that *Brigham* precluded relief on this contention.

---

[1] We note that there are other unchallenged conditions of supervised release providing that Elkins shall abide by the rules of a mental health and/or sex offender treatment program and also follow any restrictions or treatment requirements imposed by his therapist. The excision of the challenged provision does not affect the validity of any of the remaining conditions of supervised release. Indeed, the remaining conditions may very well support restrictions on his associations similar to the stricken condition if determined to be appropriate for his treatment by his therapist.

For the above reasons, we MODIFY Elkins's sentence by striking the following condition of supervised release:

> The defendant shall not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer. The probation officer will notify the designated adult of risks occasioned by the defendant's criminal record or personal history or characteristics. The defendant shall permit the probation officer to make such notifications.

The district court's judgment is AFFIRMED as MODIFIED.