# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50471

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JONATHAN LEE HEES,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2053

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jonathan Lee Hees ("Hees") was convicted of possession of child pornography, and he appeals the district court's ruling on his objection to certain sex offender treatment program requirements he will be forced to follow pursuant to special conditions of supervised release imposed by the court. Finding Hees' challenge premature, we dismiss the present appeal without prejudice.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50471

## I. BACKGROUND

In 2010, Hees pled guilty to a charge of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Hees to 48 months of imprisonment, 10 years of supervised release, and a $100 special assessment. The court also imposed a number of mandatory, standard, and special conditions of supervised release, two of which are relevant to the present appeal: first, as a special condition, the court required Hees to "attend and participate in a sex offender treatment program approved by the probation officer" and "abide by all program rules, requirements and conditions of the sex offender treatment program"; second, also as a special condition, the court required Hees to "follow all other lifestyle restrictions or treatment requirements imposed by the therapist."

Hees began his supervised release term in August 2013; unfortunately, he had some trouble adhering to the conditions of his release. Once in 2013 and again in 2014, Hees had his supervised release revoked for, among other things, associating with a felon and consuming alcohol. In early 2015, after Hees had served more time in prison and begun a new term of supervised release, the Government moved for revocation a third time based on Hees' alleged failure to comply with certain location monitoring program requirements. At the hearing on the Government's motion, Hees challenged the aforementioned conditions of supervised release related to his participation in a sex offender treatment program, as the conditions had "remain[ed] in effect" through Hees' multiple revocations and releases. More specifically, Hees' attorney provided the district court with a copy of the "program rules" for the "sole provider for sex therapy" authorized by the probation office. These rules apparently included prohibitions on the following:

(1) engaging in casual sex, i.e., sex outside of a committed monogamous relationship;

2

No. 15-50471

(2) engaging in anonymous sex, i.e., sex with strangers;

(3) having sex without disclosing previous sex offenses (this rule also required the patient to disclose sexual activity to treatment staff so that the treatment provider could contact the sexual partner);

(4) analyzing, rating, or admiring body parts of people or rating people in terms of their attractiveness;

(5) walking, riding or driving around aimlessly;

(6) making telephone calls just to listen;

(7) tickling or horseplay with others, or bumping into people for any other inappropriate purpose;

(8) masturbating to deviant fantasies (or even having such fantasies);

(9) using nonsexual objects or fetishism during sexual acts; and

(10) tricking or guilting someone into having sex.

The rules also required patients to actively participate in treatment discussions, pay for staff time, and pay staff for lost revenue/legal fees stemming from subpoenas or defense of legal actions.

Hees argued that these program rules were, in effect, conditions of supervised release by virtue of the district court's imposition of special conditions mandating compliance with treatment program requirements and lifestyle restrictions. Accordingly, Hees contended that the program rules violated his constitutional rights and did not comport with the statutory requirements for conditions of supervised release. In response, the Government indicated that it would "not be enforcing these provisions" as presently written, and it also noted that the treatment program administrator was "working on either modifying or explaining how [the rules]" were "workable." The district court took the matter under advisement and, at a subsequent hearing, overruled Hees' objection to the program rules, stating that it "[did not] want to get involved in drafting a treatment contract that is

3

No. 15-50471

strictly between a provider and a program in which the court believes the defendant would benefit, and the client of that program." However, the court also acknowledged that it had "the authority, should there be petitions in the future about alleged violations of some of the individual provisions of which [Hees had] concern, . . . to make that determination." Hees now appeals.

## II. DISCUSSION

Hees contends that the rules of the sex offender treatment program he is forced to participate in are impermissible under 18 U.S.C. § 3583(d) and impinge on his First Amendment rights. Under § 3583(d), district courts may impose certain discretionary conditions of supervised release that (1) are "reasonably related" to at least one of four statutory factors; (2) involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in the statute; and (3) are "consistent with any pertinent policy statements issued by the Sentencing Commission" pursuant to its statutory duties. 18 U.S.C. § 3583(d)(1)–(d)(3); *see also United States v. Weatherton*, 567 F.3d 149, 153 & n.1 (5th Cir. 2009) (recognizing that a condition must only be "reasonably related" to one of the four factors). This court reviews preserved challenges to conditions imposed under the above provisions for abuse of discretion. *United States v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001). "A district court abuses its discretion when it imposes a discretionary supervised release condition that deviates from the requirements" of § 3583(d). *United States v. Woods*, 547 F.3d 515, 517 (5th Cir. 2008).

As should be clear from the foregoing, however, Hees' challenge in the present case depends on the contention that the treatment program rules he is forced to follow are, in fact, discretionary conditions of supervised release imposed by the district court (thus making them subject to § 3583(d)). In this regard, the district court does not appear to have made an explicit ruling as to the relationship between its conditions and the rules of the treatment program.

4

No. 15-50471

But in any event, and regardless of whether the rules are considered special conditions of supervised release by virtue of their incorporation into the district court's express conditions, what is clear is that the rules were not set at the time Hees challenged them in the district court. Rather, when the district court entered its judgment, it was uncertain which rules would actually be included in Hees' treatment program contract (as evidenced by the fact that several challenged rules were removed from the contract in the period between the filing of Hees' opening and reply briefs). Indeed, the contract ultimately included in the record via Hees' unopposed motion to supplement is markedly different from the proposed contract Hees presented to the district court.[1] We accordingly believe that Hees' present appeal is premature. Now that the rules of the treatment program have been set and Hees is subject to them as a party to the contract with his treatment provider, we feel that Hees' proper course if he wishes to challenge specific applications of his program's requirements is to "petition the district court to modify the condition[s]" it actually imposed under 18 U.S.C. § 3583(e)(2) and, if he receives an adverse ruling, appeal at that time. *United States v. Rhodes*, 552 F.3d 624, 628–29 (7th Cir. 2009) (dismissing a challenge to a supervised release condition as unripe and noting that the defendant could later petition the district court to modify the condition); *see also United States v. Logins*, 503 F. App'x 345, 352 (6th Cir. 2012).

Of course, we agree with the Seventh Circuit that "if the district court created a condition that [the defendant] go over Niagara Falls in a barrel, he should be permitted to challenge it before he plummets over the edge." *Rhodes*, 552 F.3d at 629. As such, we think that Hees should be able to present

---

[1] While we permitted Hees to supplement the record with his "newly revised" sex offender treatment program contract, this contract was not even presented to Hees until October 1, 2015—over four months after the district court entered judgment and nearly one month after Hees filed his opening brief on appeal. In other words, the contract that Hees asks us to review was never before the district court.

No. 15-50471

arguments to the district court as to why he may be entitled to relief from any overly onerous treatment program rules without having to first violate those rules.[2] But because the rules of the treatment program involved in this case were not in place at the time the district court made the ruling that Hees now appeals, we have no specific findings from the court below that we can review. As such, we DISMISS Hees' appeal without prejudice.

---

[2] We note the Government's concession at oral argument that Hees can permissibly challenge the program rules through a motion to modify under 18 U.S.C. § 3583(e)(2) without having to violate those rules.