# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50197

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ROBERT MORIN,

      Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Robert Morin pleaded guilty to failing to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA).[1] The district court sentenced Morin to 33 months of imprisonment and five years of supervised release. Morin challenges two special conditions of his supervised release. He contends that the district court impermissibly delegated judicial authority by directing that Morin comply with unspecified "lifestyle restrictions" that might be imposed by a therapist throughout the term of supervised release. Morin additionally argues that the requirement that he

---

[1] 18 U.S.C. § 2250(a).

No. 15-50197

abstain from the use of alcohol during his term of supervised release was not included in the district court's oral pronouncement of the sentence.

We vacate the challenged conditions and remand for further proceedings.

## I

As a result of Morin's 2002 Illinois conviction of aggravated sexual abuse of a victim 13 to 17 years old, Morin is required to register as a sex offender under SORNA. Morin relocated to Wisconsin and then to Texas. Though he registered as a sex offender in Wisconsin, he failed to update that registration after moving to Texas and did not register in Texas. Morin was convicted of violating 18 U.S.C. § 2250.

The presentence report (PSR) recommended several conditions of supervised release, including the possibility of participation in a sex offender treatment program and a directive that Morin must follow all lifestyle restrictions or treatment requirements imposed by a therapist. The PSR additionally recommended that Morin be required to abstain from the use of alcohol or other intoxicants during the term of supervision.

Morin filed written objections, arguing that the special condition regarding compliance with all lifestyle restrictions imposed by a therapist constituted an impermissible delegation of the district court's authority. Responsive to Morin's concern, the Government at sentencing suggested that the condition be revised to require the therapist to recommend lifestyle restrictions to the court through the probation officer, with the court retaining ultimate decision-making authority. Morin also challenged the special condition regarding the consumption of alcohol, contending it was not reasonably related to Morin's criminal history or the relevant statutory factors.[2]

---

[2] *See* 18 U.S.C. § 3553(a).

No. 15-50197

In its oral pronouncement, the district court "ordered [Morin] to participate in a sex offender evaluation and treatment, and [to] follow all lifestyle restrictions as determined by the . . . therapist"; the court did not mention the special condition regarding alcohol. The district court's written judgment subsequently listed eight special conditions of supervised release, including the following:

> [1] The defendant shall abstain from the use of alcohol and/or all other intoxicants during the time of supervision.
>
> . . . .
>
> [3] The defendant shall attend and participate in a sex offender treatment program operated by a Licensed Sex Offender Treatment Provider (LSOTP) and/or other sex offender treatment program approved by the probation officer. The defendant shall abide by all program rules, requirements and conditions of the sex offender treatment program, including submission to polygraph examinations, to determine if the defendant is in compliance with the conditions of release. The defendant may be required to contribute to the cost of service rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.
>
> [4] The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision . . . .

Morin has appealed, challenging Conditions 1 and 4.

## II

The Government contends that Morin's challenge to Special Condition No. 4 as an improper delegation of judicial authority is not ripe for review because it is currently uncertain what, if any, lifestyle restrictions or treatment requirements will be imposed. The Government cites our decision in *United States v. Tang*, in which a special condition required the defendant to

3

"participate in a mental health program—treatment program and/or sex offender treatment program provided by the registered sex offender treatment provider."[3] The defendant claimed that the district court did not realize that it could order mental health treatment without ordering sex offender treatment; should not have mandated, or left open the possibility of, sex offender treatment; and that the district would not have included this condition if the court had appreciated its ability to order mental health treatment without ordering sex offender treatment.[4] We concluded that these contentions were not ripe for review because the optional condition of sex offender treatment might never be imposed.[5] We observed that "[t]he district court simply left to the discretion of the treatment provider the decision of what type of treatment would be most effective."[6] The defendant in *Tang* did not challenge the district court's authority to delegate decisions regarding lifestyle restrictions to the treatment provider. We did not hold in *Tang*, or consider, whether such a delegation was improper.

Whether Condition No. 4 impermissibly delegates judicial authority is a question of law. Our court and other circuit courts have considered impermissible delegation claims on direct review.[7] Whether the district court

---

[3] 718 F.3d 476, 484 (5th Cir. 2013) (per curiam).

[4] *Id*. at 485.

[5] *Id*.

[6] *Id*. ("The first three challenges are without merit because the district court included them only as options . . . not as mandatory conditions. . . . The language of the judgment . . . states that Tang's treatment '*may* include . . . physiological testing,' not '*must* include' such testing."); *see also United States v. Ellis*, 720 F.3d 220, 227 (5th Cir. 2013) (rejecting as unripe a claim similar to that in *Than* and explaining that the defendant could "petition the district court for a modification of his conditions," if and when he was subjected to the alleged objectionable procedures.").

[7] *See, e.g., United States v. Mata*, 624 F.3d 170, 173, 177 (5th Cir. 2010) (per curiam) ("One of the conditions of Mata's supervised release is that she is required to participate in a mental-health program 'as deemed necessary by the Probation department.'"); *United States v. Bishop*, 603 F.3d 279, 280-82 (5th Cir. 2010) ("Bishop was ordered to 'participate in a

No. 15-50197

improperly delegated judicial authority to a treatment provider is ripe, and we conclude that we have jurisdiction to exercise our discretion to consider Morin's argument.

## III

Morin argues that Condition No. 4 constitutes an improper delegation because it permits a therapist, not a court, to "decide the nature or extent of the punishment imposed."[8]  He contends that the breadth of Condition No. 4 presents the possibility that a therapist could impose "lifestyle restrictions" that invade significant liberty interests and that those restrictions would be applicable throughout the entirety of supervised release under the terms of the court's judgment.  We review "properly preserved objections to the imposition of conditions of supervised release for an abuse of discretion."[9]

We agree with the Government that a court may determine that the manner and means of therapy during a treatment program may be devised by therapists rather than the court.  However, as presently constructed, Condition No. 4 extends to a therapist the authority to impose, without court review, independent conditions of supervised release that might extend beyond the period of supervised release and that could serve as the basis for  violations of

---

mental health program as deemed necessary and approved by the probation officer.'"); *see also United States v. Matta*, 777 F.3d 116, 121-23 (2d Cir. 2015); *United States v. Thompson*, 653 F.3d 688, 692-93 (8th Cir. 2011); *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009); *United States v. Pruden*, 398 F.3d 241, 250-51 (3d Cir. 2005); *United States v. Melendez-Santana*, 353 F.3d 93, 101-102 (1st Cir. 2003), *overruled on other grounds by United States v. Padilla*, 415 F.3d 211, 215 (1st Cir. 2005); *see also United States v. Jackson*, 491 F. App'x 554, 556 (6th Cir. 2012) (per curiam) (unpublished) ("Because Jackson raises a purely legal challenge to whether the district court improperly delegated its authority . . . , his claim is ripe for review.")

[8] *See Pruden*, 398 F.3d at 250.

[9] *United States v. Salazar*, 743 F.3d 445, 448 (5th Cir. 2014).

the terms of supervised release separate and apart from non-compliance with the treatment program.

Condition No. 4 differs from special conditions considered and upheld by our sister courts of appeals. In *United States v. Fellows*, the Ninth Circuit concluded that the condition that the defendant "'follow all other lifestyle restrictions or treatment requirements' imposed by his therapist . . . simply ordered [the defendant] to comply fully with [the sex offender program]" and was therefore permissible.[10] The challenged condition in *Fellows* was tethered to the treatment program; it did not permit the therapist to impose conditions that would extend beyond the treatment program, or create independent conditions of release apart from complying fully with the treatment program, as here.

In *United States v. Bender*, the Eighth Circuit upheld a condition requiring the defendant to "follow all other lifestyle restrictions or treatment requirements imposed by the therapist," reasoning that the district court had "'g[iven] no indication that it would not retain ultimate authority over all of the conditions of [the defendant's] supervised release.'"[11] While *Bender* did not parse the language of the challenged condition, it did cite to two other Eighth Circuit cases—*United States v. Mickelson*[12] and *United States v. Kent*[13]—both of which are instructive. In *Mickelson*, the court held that there was no improper delegation when the conditions imposed on the defendant included those at the discretion of the probation officer because the district court "specifically stated that it intended to limit conditions to those actually

---

[10] 157 F.3d 1197, 1200, 1204 (9th Cir. 1998).

[11] 566 F.3d 748, 750, 752 (8th Cir. 2009) (quoting *United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006)).

[12] 433 F.3d 1050 (8th Cir. 2006).

[13] 209 F.3d 1073 (8th Cir. 2000).

needed," indicating that it would "retain[ ] and exercise[ ] ultimate responsibility" over the conditions.[14]  By contrast, in *Kent*, the court held that there was an improper delegation when the challenged condition permitted the probation officer to determine whether the defendant would be required to undergo psychiatric treatment, and the district court "explicitly stated it hoped it would not be 'riding herd' on the probation officer's decision."[15]  In the present case, the district court's express refusal to grant the modification requested by both Morin and the Government—a modification that would have required the therapist to recommend lifestyle restrictions to the court through the probation officer—suggests that the court did not intend to "retain[ ] and exercise[ ] ultimate responsibility."[16]

We emphasize that it is not our intention to tie the hands of a district court in imposing conditions of supervised release.  District courts should be afforded the flexibility to impose conditions to rehabilitate offenders and minimize the possibility that they will commit further crimes.  However, preserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant.[17]  We note that, in this case, the district court extensively exercised its authority to impose conditions of release; beyond the mandatory conditions, the court imposed 22 standard conditions and 8 special conditions of supervised release, many of which could

---

[14] 433 F.3d at 1056-57 (citing *Kent*, 209 F.3d at 1078-79).

[15] 209 F.3d at 1078-79.

[16] *Mickelson*, 433 F.3d at 1056-57 (citing *Kent*, 209 F.3d at 1078-79).

[17] *See Mistretta v. United States*, 488 U.S. 361, 416-18 (1989 (Scalia, J., dissenting); *see also* U.S.S.G. § 5B1.3(b) ("The *court* may impose other conditions of probation . . . ." (emphasis added)); *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015) ("[A] district court may not delegate . . . decisionmaking authority which would make a defendant's liberty itself contingent upon a [non-judicial officer's] exercise of discretion."); *United States v. Pruden*, 398 F.3d 241, 250 (3d Cir. 2005) (holding that it is the court's role to "decide the nature or extent of the punishment imposed upon a probationer").

be construed as "lifestyle restrictions." Our holding does not inhibit the district court's ability to add conditions that are recommended by non-judicial actors (such as probation officers or therapists) so long as those actors follow the normal procedure and forward the recommendations to the district judge for final approval.

Condition No. 4 does not merely reaffirm the obvious—that a treatment provider must have the authority to set and enforce restrictions necessarily integral to the sex offender treatment program.[18] In other words, it is not, as the Government suggests, simply coextensive with two other unobjected-to conditions that properly require Morin to "abide by all program rules, requirements and conditions of the sex offender treatment program . . . ." Rather, it vests a private therapist with the ability to impose "lifestyle restrictions" that are potentially unnecessary to the treatment process and could remain in force throughout the term of supervised release. Without the supervision of the district court, Condition No. 4 constitutes an improper delegation of judicial authority.

Our independent review reveals that Condition No. 4 differs from provisions in other districts and is perhaps only imposed in the Western District of Texas.[19] The fact that courts in other districts have fashioned sufficient conditions of supervised release in this area reinforces our determination that our holding regarding Condition No. 4 will not impair a

---

[18] *United States v. Fellows*, 157 F.3d 1197, 1204 (9th Cir. 1998) ("The court cannot be expected to design and implement the particularities of a treatment program. That the court allowed a therapist to do so does not mean the court delegated its authority to impose conditions of release.").

[19] *See, e.g.*, *United States v. Hees*, 640 F. App'x 366, 367 (5th Cir. 2016) (per curiam); *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015); *United States v. Rouland*, 726 F.3d 728, 730 (5th Cir. 2013); *United States v. Elkins*, 335 F. App'x 457, 459 n.1 (5th Cir. 2009) (per curiam); *Woody v. United States*, No. A-07-CR-215(1)-LY, 2009 WL 2461230, at *1 (W.D. Tex. Aug. 7, 2009).

federal district court's ability to require sex offender treatment and compliance with such treatment, as well as other independent conditions necessary to rehabilitate and monitor sex offenders.

## IV

Morin argues that the written judgment must be amended to delete Special Condition No. 1—which requires Morin to abstain from alcohol and other intoxicants—because the written judgment conflicts with the district court's oral pronouncement. Morin's challenge is reviewed for an abuse of discretion, because he "had no opportunity at sentencing to consider, comment on, or object to the special condition[] later included in the written judgment."[20]

It is well settled that a "defendant has a constitutional right to be present at sentencing."[21] We have held that "when there is a conflict between a written sentence and an oral pronouncement, the oral pronouncement controls."[22] But when "the difference between the two is only an ambiguity, we look to the sentencing court's intent to determine the sentence."[23]

The Government concedes, and we agree, that the district court's failure to rule on Morin's objection to Special Condition No. 1, coupled with the court's silence on the Condition during its oral pronouncement, creates a conflict, not an ambiguity. Accordingly, we vacate Special Condition No. 1 and "remand the case for the district court to amend its written judgment to conform to its oral sentence."[24]

---

[20] *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

[21] *Id.* at 380-81 (quoting *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003)); *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam).

[22] *Torres-Aguilar*, 352 F.3d at 935 (quoting *Martinez*, 250 F.3d at 942).

[23] *Bigelow*, 462 F.3d at 381.

[24] *See Martinez*, 250 F.3d at 942.

No. 15-50197

\* \* \*

For the foregoing reasons, we VACATE Conditions No. 1 and No. 4 and REMAND to the district court for further proceedings consistent with this opinion.