# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50850
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN BRADLEY PITTS, also known as Ryan B. Pitts,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-907-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ryan Bradley Pitts pleaded guilty to six counts of production of child pornography pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement limiting his sentence to no more than 60 years of imprisonment. The district court accepted the plea agreement and sentenced Pitts to 60 years of imprisonment and a lifetime of supervised release. The district court imposed conditions of supervised release including Additional Condition Two:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50850

"The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision."

Pitts now challenges Additional Condition Two as an impermissible delegation of judicial sentencing authority to a non-judicial officer. Because he did not object to this condition, we review for plain error. *United States v. Prieto*, 801 F.3d 547, 549 (5th Cir. 2015). To demonstrate plain error, a defendant must show an error that is clear or obvious and affects his substantial rights. *See id.* at 549-50. If the defendant can satisfy those prongs, this court has discretion "to remedy the error—discretion which ought to be exercised only if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 550 (alteration omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Our recent opinion in *United States v. Morin* resolved a delegation challenge to an identical supervised release condition. *See* 832 F.3d 513, 515 (5th Cir. 2016). In *Morin*, we vacated that supervised release condition as "an improper delegation of judicial authority." *See id.* at 516-18.[1] Accordingly, *Morin* establishes that Additional Condition Two is improper and satisfies the first plain-error prong in this case. *See id.* at 517-18.

Although *Morin* did not review for plain error, we nonetheless conclude that its reasoning compels the outcome of this appeal. As to the second prong, the error is now clear or obvious because *Morin* was decided during the pendency of this appeal. *See United States v. Hornyak*, 805 F.3d 196, 199 (5th Cir. 2015).

---

[1] *Morin* also rejected the same ripeness argument made by the Government in this case. *See id.* at 515-16. Accordingly, Pitts's appeal is ripe.

2

No. 15-50850

As to the third plain-error prong, *Morin* confirms that Additional Condition Two "is not, as the Government suggests, simply coextensive with" other permissible conditions requiring compliance with treatment programs. *See* 832 F.3d at 518. We therefore conclude that Pitts's substantial rights were affected by the erroneous delegation "to a therapist the authority to impose, without court review, independent conditions of supervised release . . . that could serve as the basis for violations of the terms of supervised release separate and apart from non-compliance with the treatment program." *See id.* at 517; *accord United States v. Albro,* 32 F.3d 173, 174 n.1 (5th Cir. 1994).

As to the fourth plain-error prong, *Morin* cautions that "preserving the judiciary's exclusive authority to impose sentences is an area in which it is important for courts to be vigilant." 832 F.3d at 518. Exercising our discretion to correct the error under these circumstances is consistent with that vigilance. *See Prieto*, 801 F.3d at 550; *Albro*, 32 F.3d at 174 n.1. Accordingly, Pitts has satisfied the requirements of plain-error review.

For the foregoing reasons, we VACATE Additional Condition Two and REMAND to the district court for further proceedings consistent with this opinion.