# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

No. 16-11654
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEBASTIAN GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-155-1

Before JONES, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sebastian Gutierrez pleaded guilty to one count of possessing child pornography, and he received a sentence of 78 months in prison, to be followed by a 15-year term of supervised release. On appeal, he challenges only a special condition of supervised release. The district court ordered that Gutierrez "shall participate in sex-offender treatment services as directed by the probation officer until successfully discharged." Gutierrez now argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this special condition impermissibly delegates a judicial function to the probation officer and to the treating therapist.

Because Gutierrez did not object to the imposition of this condition, despite having an opportunity to do so, we review his argument for plain error. *See United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010).  To prevail on plain error review, Gutierrez must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he satisfies the first three requirements, this court, may, in its discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

Gutierrez first argues that requiring him to participate in the sex-offender treatment program "as directed by the probation officer" improperly delegates to the probation officer the decision whether he must seek such treatment at all.  The court may delegate to a probation officer decisions about the details of a supervised release condition, including a treatment program, but it may not delegate the decision whether to participate in such a program. *See United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016).  We have held that requiring a defendant to seek treatment "as deemed necessary and approved by a probation officer" could constitute an impermissible delegation of authority, as it is ambiguous.  *See id.* at 566, 568.  However, the special condition in Gutierrez's case does not include the problematic "as deemed necessary" language.  In unpublished opinions, we have held that requiring participation in a treatment program "as directed by the probation officer" does not constitute an impermissible delegation of authority, as it permits the probation officer to address only the details of the treatment, not the necessity for such treatment. *United States v. Terrell*, 677 F. App'x 938, 940 (5th Cir.

2017); *see also United States v. Rhodes*, 2017 U.S. App. LEXIS 13137 (5th Cir. July 21, 2017) (not designated for publication) (holding that employing this language was not plain error). In light of these decisions, Gutierrez is unable to show that requiring him to participate in treatment "as directed by the probation officer" constitutes a clear or obvious error. *See Puckett*, 556 U.S. at 135; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

In addition, Gutierrez maintains that requiring him to participate in the sex-offender treatment program "until successfully discharged," in the absence of specific criteria detailing appropriate conditions of the program or what constitutes "successful" completion, constitutes an impermissible delegation of judicial authority to the treating therapist. A district court may delegate to a therapist "the manner and means of therapy during a treatment program." *United States v. Morin*, 832 F.3d 513, 516-17 (5th Cir. 2016). Nothing in the special condition imposed by the district court indicates that the therapist would be authorized to impose extra supervised release conditions that would be "separate and apart from non-compliance with the treatment program." *Id.* at 517. Gutierrez is unable to show that requiring the therapist to ascertain whether he successfully completed the program constitutes a clear or obvious error. *See Puckett*, 556 U.S. at 135; *Morin*, 832 F.3d at 516-17. As a result, the judgment of the district court is AFFIRMED.