# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2021

Lyle W. Cayce
Clerk

No. 19-10649

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FELICITAS HERNANDEZ CASTILLO,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 19-10712

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NICOLE DEON GOOSBY,

*Defendant—Appellant*,

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

CONSOLIDATED WITH

_____

No. 19-10821

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NELSON GUEVARA-BONILLA,

*Defendant—Appellant*,

CONSOLIDATED WITH

_____

No. 19-11220

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN RUSSELL,

*Defendant—Appellant*,

2

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

CONSOLIDATED WITH

_____

No. 19-11224

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALFONSO HOYOS, III,

*Defendant—Appellant*,

CONSOLIDATED WITH

_____

No. 19-11241

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL LOPEZ-CAMPOS,

*Defendant—Appellant*,

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

CONSOLIDATED WITH

———————————

No. 19-11265

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEVON WRIGHT-NASALSKI,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 19-11290

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IGNACIO TARIN-VALERIO, JR.,

*Defendant—Appellant*,

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

CONSOLIDATED WITH

———————————

No. 20-10026

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HAROLD RICHARD CANTRELL, JR.,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 20-10037

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO RAMOS-QUEZADA,

*Defendant—Appellant*,

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

CONSOLIDATED WITH

_____

No. 20-10237

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Zamudio,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:19-CR-28-1;
4:12-CR-170-1; 4:19-CR-24-1; 4:17-CR-37-1;
4:19-CR-127-1; 4:19-CR-78-1; 4:19-CR-37-1;
4:12-CR-130-1; 4:19-CR-192-1; 4:19-CR-180-1;
4:19-CR-299-1

_____

Before Clement, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:*

These eleven consolidated cases present the following question: whether the district court's oral pronouncements at sentencing conflict with

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

the conditions of supervised release in its judgments of conviction. *See United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). The district court's conditions of supervised release, which it incorporated by reference during each defendant's sentencing hearing, mirrored standard conditions enumerated in prior versions of the Sentencing Guidelines. But when the Guidelines' conditions were modified in 2016, the district court's were not, so they diverged. The defendants assert on appeal that the district court's oral pronouncements and written judgments therefore improperly conflict under *Diggles*, and that the offending conditions should be struck from their sentences. We dismiss one appeal that is now moot,[1] and as we explain below, we modify the sentences to strike one of the challenged conditions and otherwise affirm.

## I.

In each of these cases, the district court announced at the defendants' sentencing hearings that it would impose the "standard conditions" of supervised release. The subsequent written judgments contained the court's "standard" conditions, which reflected those contained in pre-2016 versions of the Sentencing Guidelines. These differed from the post-2016 Guidelines' standard conditions of supervised release.

The defendants challenge four conditions of supervised release. First, the "shall-not-frequent" condition of supervised release: "The defendant *shall not frequent places* where controlled substances are illegally sold, used,

---

[1] In one of the appeals, No. 19-10821, defendant Nelson Guevara-Bonilla has completed his term of supervised release; his claims are thus moot.

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026,
20-10037, 20-10237

distributed, or administered."[2]    This language was once included in
§ 5D1.3(c) of the Guidelines but was deleted in 2016.    *See* U.S.S.G.
§ 5D1.3(c) (2015).

The second challenged condition in the district court's written
judgment is the "paraphernalia" condition, which provides that:

> [t]he defendant shall refrain from excessive use of alcohol and
> shall not purchase, possess, use, distribute, or administer any
> narcotic or other controlled substance, *or any paraphernalia
> related to such substances*, except as prescribed by a physician.

(Emphasis added).[3]    This condition is not included in the post-2016
Sentencing Guidelines.    Instead, pertinent standard conditions in the post-
2016 Guidelines state:

> The defendant shall not commit another federal, state or local
> offense . . . .
>
> The defendant shall not unlawfully possess a controlled
> substance . . . . [and]
>
> The defendant shall refrain from any unlawful use of a
> controlled substance . . . .

U.S.S.G. §§ 5D1.3(a)(1), (2), (4).

The third challenged condition in the written judgment is the
"reporting" condition:

---

[2] This condition is challenged by Felicitas Castillo, John Russell, Alfonso Hoyos,
Miquel Lopez-Campos, Devon Wright-Nasalki, Ignacio Tarin-Valerio, and Harold
Cantrell.

[3] Nicole Goosby challenges the emphasized provision contained in this condition.

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

> The defendant shall report to the U.S. Probation Officer and shall submit a truthful and complete written report within the first five (5) days of each month.

*Cf.* U.S.S.G. § 5D1.3(c)(2) (2015).[4]  In the post-2016 Guidelines, this condition reads:

> [T]he defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

U.S.S.G. § 5D1.3(c)(2).

The final challenged written condition is the "notify" condition.  The condition states:

> As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

*Cf.* U.S.S.G. § 5D1.3(c)(12) (2015).[5]  The post-2016 Guidelines altered the prior phrasing of this condition to read:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.  The probation officer may contact the person and

---

[4] Goosby is likewise the only defendant to challenge this condition.

[5] Jose Zamudio challenges this condition.

9

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

confirm that the defendant has notified the person about the risk.

U.S.S.G. § 5D1.3(c)(12).

This court held these cases in abeyance pending decision in *Diggles*. After the en banc court handed down its opinion in *Diggles*, the Government moved for a limited remand in approximately two dozen similar cases to allow the sentencing district courts either to correct clerical errors in the written judgments or, alternatively, to clarify the courts' intent in imposing the challenged supervised release conditions. This court granted the motions, and, on remand, the Government filed unopposed motions to correct clerical errors in the relevant written judgments pursuant to Federal Rule of Criminal Procedure 36. The Government alternatively requested clarification of the record in each case. Four of the five sentencing courts granted these motions.

However, the district judge assigned the group of cases now before us denied the motions to correct any clerical errors and instead granted the alternative motion to clarify. In doing so, the judge determined that the motions "proceed[ed] on the assumption that [the] court intended to impose as standard conditions of supervision in each of the cases the conditions that are prescribed by [U.S.S.G.] § 5D1.3(c), but inadvertently failed to recognize that those conditions were changed" by the 2016 amendments to the Guidelines. The court rejected this characterization:

> The court is denying each of the motions to correct potential clerical error in the judgment because the conditions of supervision were not included in the judgments by clerical error, but were put and retained in the conditions of supervision intentionally because, as well as the undersigned can recall, of the court's belief that they were appropriate conditions considering the nature of most of the criminal litigation, drug-trafficking cases, the court deals with, and that

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

> most of the grounds of revocation the court faces when handling a motion to revoke a term of supervised release are violations of prohibitions against use or possession of illegal controlled substances. . . .
>
> [B]ut the court is providing the following clarification as to the court's reasons for including those conditions in the standard conditions of supervision that the court routinely has been using in its criminal cases, for approximately twenty years.

The district court thus affirmed its intention to impose the conditions of supervised release outlined in the defendants' written judgments.

Given the sentencing court's clarification, the defendants in these cases contend that there is an impermissible conflict between the written conditions of supervised release and the court's oral pronouncement of their sentences. We address each condition in turn.

## II.

In the sentencing context, "[w]hen a defendant objects for the first time on appeal, we usually review only for plain error." *Diggles*, 957 F.3d at 559. "But we do not review for plain error when the defendant did not have an opportunity to object in the trial court." *Id.* (citing Fed. R. Crim. P. 51(b)). "That principle applies when a defendant appeals a court's failure to pronounce a condition that later appears in the judgment." *Id.* (citations omitted). When "the district court had not made any mention of the condition at sentencing, nor was there any indication that the [Presentence Investigation Report] proposed the challenged condition[,]" no forfeiture of the issue occurs. *Id.* (citations omitted). Accordingly, the court reviews these challenges for an abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

Consistent with *Diggles*, the parties agree that the standard of review for all the defendants' sentences except Goosby's should be abuse of discretion. The record bears out that none of the defendants, other than Goosby, were given notice that the court intended to impose its own set of "standard" release conditions distinct from the updated conditions in § 5D1.3(c). Thus, we review the conditions challenged by those defendants for abuse of discretion.

The parties disagree whether Goosby's challenges should be reviewed for abuse of discretion or plain error. Because, for the reasons stated below, we believe Goosby had notice of the conditions of supervised release at issue and had an opportunity to object, we review her challenges for plain error.

## III.

"The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing." *Diggles*, 957 F.3d at 556 (citing *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001)). The district court may impose supervised release conditions by orally adopting "courtwide or judge-specific standing orders that list conditions" by reference, but this must be done when the defendant is present and the defendant must be provided a document containing the adopted conditions in order to have an opportunity to object. *Id.* at 561, 561 n.5; *see United States v. Garcia*, 983 F.3d 820, 824 (5th Cir. 2020).

If a term or condition of a sentence in the court's written judgment conflicts with the oral sentence, the oral sentence controls. *Id.* at 557. Such a conflict exists when the written judgment "broadens the pronounced requirements of supervised release." *United States v. Rivas-Estrada*, 906 F.3d 346, 350 (5th Cir. 2018). "If, however, there is 'merely an ambiguity' between oral and written sentences, 'then "[this court] must look to the

12

intent of the sentencing court, as evidenced in the record," to determine the defendant's sentence.'" *United States v. Vasquez-Puente*, 922 F.3d 700, 703 (5th Cir. 2019) (quoting *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003)).   If an ambiguity—rather than a conflict—between a defendant's written and oral sentences can be reconciled, then the district court did not abuse its discretion by including an unpronounced condition in the written sentence. *See id.* at 704–05.

The basic question in each of the cases before us is whether there is a conflict, or a mere ambiguity, between the defendants' oral and written sentences regarding the challenged conditions.  That question in mind, we address each condition in turn.

### A.  *"Shall-not-frequent" condition*

The defendants assert that the shall-not-frequent condition in their written judgments conflicts with the oral pronouncement of their sentences. They argue that though the oral pronouncement implied a prohibition of interactions with certain individuals, the district court did not mention a prohibition regarding frequenting certain places.   Conversely, the Government contends that no conflict exists because the shall-not-frequent condition is merely redundant with a separate condition that also states the defendants may not associate with individuals known to be engaged in criminal activity.   Indeed, the Sentencing Commission indicated that it deleted the challenged provision in 2016 amendments to the Guidelines because the shall-not-frequent provision was "redundant with other conditions" and "is encompassed by the 'standard' condition that defendants not associate with those they know to be criminals or who are engaged in criminal activity."   2016 U.S.S.G. Manual – Supplement to Appendix C (November 1, 2016) 169.

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

The defendants have the better argument. Comparing the text of the shall-not-frequent condition imposed by the district court with the "do-not-associate" condition carried forward in the post-2016 Guidelines reveals that the shall-not-frequent condition "broadens the pronounced requirements of supervised release" beyond those stated in the do-not-associate condition. *Rivas-Estrada*, 906 F.3d at 350. There is some redundancy between the two conditions; the shall-not-frequent condition imposed by the district court would also proscribe association with individuals found in the places rendered off-limits. But the district court's condition goes further, barring defendants from frequenting "places where controlled substances are illegally sold, used, distributed, or administered." *Cf. United States v. Huor*, 852 F.3d 392, 404 (5th Cir. 2017) (concluding that special condition prohibiting a sex offender from "residing or going places" frequented by minors was not orally pronounced, such that there was a conflict between the oral and written sentences). Even given some redundancy, practically speaking, avoiding certain *people* is distinct from, and perhaps more straightforward than, avoiding certain *places*.

As a ready example, if a grocery store parking lot was a place where drug activity occurred, the defendants would violate the shall-not-frequent condition by simply going to the grocery store for food—even if they interacted with no one while walking through the parking lot to the store. It is true that the Sentencing Commission determined that the thrust of the condition—"that defendants not associate with those they know to be criminals or who are engaged in criminal activity"—was redundant with other, more tailored conditions, including the do-not-associate condition. But it is also apparent that the shall-not-frequent condition is broader, and distinct, in the conduct it prohibits. As a result, the district court was required to pronounce the shall-not-frequent condition during the

14

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

defendants' sentencing hearings yet failed to do so.  The resulting conflict between the defendants' orally pronounced and written sentences cannot be reconciled, and the district court's "clarification" on remand did not address the *Diggles* issue.  Therefore, the condition must be excised from the defendants' written judgments.

Generally, we have remanded cases like these for the district court either to conform the judgment to the oral pronouncement by striking unpronounced conditions, *e.g.*, *United States v. Omigie*, 977 F.3d 397, 407 (5th Cir. 2020), or to resentence the defendants, *e.g.*, *United States v. Brown*, 855 F. App'x 176, 179–80 (5th Cir. 2021) (per curiam).  Here, however, given the time that has passed and the fact that these cases have been remanded once before, we instead exercise our discretion to modify the defendants' judgments by striking the shall-not-frequent condition imposed by the district court and otherwise affirming the judgments.  *See United States v. Elkins*, 335 F. App'x 457, 459 (5th Cir. 2009) (per curiam).

## B. "*Reporting*" *and* "*paraphernalia*" *conditions*

Nicole Goosby challenges the reporting and paraphernalia conditions that the district court reimposed when it revoked her supervised release in 2019.  Goosby was originally sentenced on January 25, 2013, and her original sentence included the two conditions.  In 2013, these conditions were also included among the standard Guidelines conditions.  As with the other challenged conditions, the 2016 Guidelines amendments modified the conditions, so the standard Guidelines conditions now diverge from the district court's "standard" conditions.  Goosby contends that, as a result, there is a conflict between the district court's oral incorporation of "standard" reporting and paraphernalia conditions during her revocation hearing and the conditions that were included in her written judgment.

15

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

As noted, the parties disagree on the appropriate standard of review for Goosby's challenges. "When a defendant fails to raise a pronouncement objection in the district court, review is for plain error if the defendant had notice of the conditions and an opportunity to object." *Diggles*, 957 F.3d at 563. Goosby did not object during her revocation hearing; the question is whether she had notice of the conditions and an opportunity to object. She contends she had no notice, while the Government asserts she did. The record supports the Government's assertion.

As in the other cases before us, the district court stated its intention during Goosby's revocation hearing to impose "the standard conditions that will be set forth in the judgment." Though Goosby points to the differences between the post-2016 Guidelines and the district court's "standard" conditions to contend that she had no notice or opportunity to object, the transcript of Goosby's revocation hearing reveals she did. During the hearing, Goosby's counsel challenged another of her 2013 conditions of supervised release, and the district judge assuaged that concern. Specifically, Goosby's counsel referenced two conditions from Goosby's 2013 sentence: that she was not to consume alcohol, and that she was prohibited from excessively drinking alcohol. Counsel asked for clarification of which condition controlled, and the district judge said that the court would remove the word "excessive" to conform the conditions. Goosby's counsel did not object to any other condition. But the exchange demonstrates that Goosby had notice that her prior supervised release conditions were at issue during her revocation hearing and that she availed herself of the opportunity to object to other prior conditions. Because she did not object to the two conditions she now challenges on appeal, we review her claims for plain error.

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

For us to disturb the district court's judgment, Goosby must show that "(1) there was error, (2) the error was plain, (3) the error affected [her] substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Rodriguez-Parra*, 581 F.3d 227, 229 (5th Cir. 2009) (quoting *United States v. Redd*, 562 F.3d 309, 314 (5th Cir. 2009)). Even assuming that the district court plainly erred by failing properly to pronounce the challenged conditions, we are hard-pressed to conclude that any error affected Goosby's substantial rights or the fairness, integrity, or reputation of judicial proceedings. Goosby had notice of the reporting and paraphernalia conditions because they were part of her original sentence imposed in 2013. And the revocation hearing transcript shows that she was aware that the district court intended simply to reimpose the conditions, yet she lodged no objection. She was subject to these conditions before revocation of her supervised release, and is subject to the same conditions going forward. Against this backdrop, Goosby cannot demonstrate reversible error in the district court's reimposition of these conditions of supervised release.

## C. "*Notification*" condition

Lastly, Jose Zamudio challenges the notification condition, which requires him, "[a]s directed by the probation officer," to "notify third parties of risks" resulting from Zamudio's "criminal record or personal history or characteristics . . . ." Like the other defendants, Zamudio points to the variance between the condition as imposed and the post-2016 Guidelines version of the notification condition. In 2016, the Guidelines condition was rephrased to provide an express threshold determination by the probation officer "that the defendant poses a risk to another person"; if so, then "the probation officer may require the defendant to notify the person about the

17

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

risk and the defendant shall comply with that instruction." U.S.S.G. § 5D1.3(c)(12). Because of the different phrasing, Zamudio argues that there is an impermissible conflict between the district court's oral pronouncement of his sentence and the eventual written judgment.

Comparing the two versions of the condition, we fail to see any substantive conflict between them. Both require the defendant to notify third parties when the defendant poses a risk, *at the discretion of the probation officer*. No other duties or rights are affected by the change in sentence structure of the notify condition. Both versions ultimately vest discretion in the probation officer to require the same thing: notification by a defendant to third parties (or "another person" or organization) of risks posed by the defendant on supervised release. Because the two conditions are reconcilable, at worst there is merely an ambiguity between the district court's oral pronouncement and Zamudio's written sentence. This ambiguity is easily reconciled given that the two conditions are congruous. Therefore, the district court did not abuse its discretion in imposing this condition of supervised release. *See Vasquez-Puente*, 922 F.3d at 704–05.

## IV.

We AFFIRM the district court's ruling with respect to the conditions of supervised release challenged by defendants Goosby and Zamudio. We MODIFY the conditions of supervised release imposed by the district court in sentencing defendants Castillo, Russell, Hoyos, Lopez-Campos, Wright-Nasalki, Tarin-Valerio, Cantrell, and Ramos-Quezada by striking the condition that "[t]he defendant[s] shall not frequent places where controlled substances are illegally sold, used, distributed, or administered" from their written judgments and AFFIRM AS

No. 19-10649

c/w Nos. 19-10712, 19-10821, 19-11220, 19-11224, 19-11241, 19-11265, 19-11290, 20-10026, 20-10037, 20-10237

MODIFIED.  Finally, we DISMISS defendant Guevara-Bonilla's appeal (No. 19-10821) as moot.

AFFIRMED in part; MODIFIED AND AFFIRMED in part; and DISMISSED in part.