# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2022

Lyle W. Cayce
Clerk

No. 21-51009
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANDON JOSEPH ZAHNER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-305-1

Before JONES, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

Brandon Joseph Zahner appeals the sentence imposed following his conviction for failure to register as a sex offender. Zahner challenges the imposition of two conditions of supervised release that he contends impermissibly delegate judicial authority. He argues that the court delegated

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51009

authority to a therapist to impose lifestyle restrictions and delegated authority to the probation officer to determine whether Zahner poses a risk to people and to require him to notify them.

We review for plain error because Zahner objection to the supervised release conditions was not "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). To establish plain error, Zahner must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* (internal quotation marks, alteration, and citations omitted).

Zahner's challenge to the risk-delegation condition is foreclosed by *United States v. Mejia-Banegas*, 32 F.4th 450, 452 (5th Cir. 2022), in which we rejected the same argument and held that the district court did not err, plainly or otherwise, by imposing the same risk-notification condition. However, his challenge to special condition two warrants a different result. The condition states the following:

> The defendant shall follow all other lifestyle restrictions or treatment requirements imposed by the therapist, and continue those restrictions as they pertain to avoiding risk situations throughout the course of supervision. This includes not residing or going to places where a minor or minors are known to frequent without prior approval of the probation officer.

This condition suffers from the same defect that existed in identical conditions we have repeatedly rejected even on plain error review. *See United States v. Morin*, 832 F.3d 513, 517-18 (5th Cir. 2016); *see also United States v. Iverson*, 874 F.3d 855, 861 (5th Cir. 2017); *United States v. Huor*, 852 F.3d

No. 21-51009

392, 403 (5th Cir. 2017). We again exercise our discretion on plain error review to correct this unlawful delegation of sentencing authority and vacate the condition.

The judgment of the district court is AFFIRMED except for special condition two, which is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.