**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2012

Lyle W. Cayce
Clerk

No. 11-60340
Summary Calendar

———

ERIBERTO SOTELO-SOTO, also known as Eriberto Soto Sotelo,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 798 420

———

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eriberto Sotelo-Soto, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals (BIA) dismissal of his appeal of an order of removal based on his prior conviction for evading arrest or detention with a motor vehicle under Texas Penal Code § 38.04. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). Because Sotelo-Soto has raised a question of law for our review, we have jurisdiction in this case pursuant to 8 U.S.C. § 1227(a)(2)(D). *See Martinez v. Mukasey*, 519 F.3d 532, 538 (5th Cir. 2008) (stating that whether a prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction is an aggravated felony is a question of law).  Sotelo-Soto argues that his conviction does not constitute an aggravated felony under Section 1101(a)(43) of the Immigration and Nationality Act because the Texas statute applies to many non-forceful types of conduct, does not require intent for its violation, and does not involve purposeful, violent, and aggressive conduct.

Section 1101(a)(43) defines "aggravated felony" as including "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment at least one year." 8 U.S.C. § 1101(a)(43)(F) (2006).  In *United States v. Sanchez-Ledezma*, 630 F.3d 447, 451 (5th Cir.), *cert. denied*, 131 S. Ct. 3024 (2011), this court held that a Texas conviction for evading arrest or detention with a motor vehicle under § 38.04 qualifies as a crime of violence under 18 U.S.C. § 16(b).  Because the offense qualifies as a crime of violence and, as he does not dispute, Sotelo-Soto was sentenced to a term of two years of imprisonment for the offense, the BIA did not err in its conclusions that the offense qualifies as an aggravated felony and that Sotelo-Soto is removable as a result.  *See Sanchez-Ledezma*, 630 F.3d at 451; 8 U.S.C. § 1101(a)(43)(F) (defining the term aggravated felony to include a crime of violence as defined in § 16(b)); § 1227(a)(2)(A)(iii).  The petition for review is therefore DENIED.