# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50299

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER MICHAEL HORNYAK,
also known as Christopher Hornyak,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

COSTA, Circuit Judge:

We must decide whether a sentence imposed pursuant to the residual clause of the Armed Career Criminal Act (ACCA), which the Supreme Court recently found to be unconstitutionally vague, should be vacated on plain error review.

Hornyak pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). That offense ordinarily carries a maximum sentence of ten years. *Id.* But if the defendant has three previous convictions

for a "violent felony or serious drug offense," then the ACCA elevates the statutory sentencing range to a minimum of fifteen years and maximum of life. *Id.* § 924(e). The statute defines "violent felony" in two ways. A felony qualifies if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). It also qualifies if the felony "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). The "otherwise involves conduct that presents a serious risk of physical injury to another" language, known as the "residual clause," was held unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

At Hornyak's sentencing hearing, which took place prior to *Johnson*, the district court found that three convictions implicated the ACCA: two serious drug offenses and a conviction for evading arrest or detention with a vehicle under Texas Penal Code § 38.04.[1] We had previously found that this Texas "evading arrest" offense counted as a "violent felony" under the ACCA's residual clause. *United States v. Harrimon*, 568 F.3d 531, 532, 537 (5th Cir. 2009). Hornyak objected in the district court, arguing that the Texas statute did not meet the residual clause standard as it did not require use of a motor vehicle but could instead be committed when a suspect flees on a bicycle. He did not argue that the residual clause is unconstitutional. The district court overruled Hornyak's objection, which *Harrimon* foreclosed, and sentenced Hornyak to a prison term of 188 months.

---

[1] The Probation Office initially classified Hornyak's California burglary conviction as a "violent felony," but then agreed with Hornyak's objection that it should not be treated as such under *Descamps v. United States*, 133 S. Ct. 2276 (2013). That left only three qualifying convictions.

No. 14-50299

On appeal, Hornyak raised two arguments.  He again argued that the Texas offense did not qualify under the residual clause and asked us to reconsider *Harrimon* in light of *Sykes v. United States*, 131 S. Ct. 2267 (2011). He then for the first time argued that the residual clause is void for vagueness. Recognizing that both Supreme Court and circuit precedent foreclosed the constitutional issue, Hornyak noted that he was raising it solely "to preserve [it] for possible further review by the Supreme Court."  The United States filed an unopposed motion for summary affirmance, which we granted.  588 F. App'x 384, 386 (2014).

Hornyak filed a petition for certiorari.  After it decided *Johnson*, the Supreme Court granted Hornyak's petition, vacated our ruling, and remanded. 135 S. Ct. 2944, 2944 (2015).

Because Hornyak did not raise a vagueness challenge to the residual clause in the sentencing court, we review the issue for plain error.  To demonstrate plain error, Hornyak must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

*Johnson* establishes that it was error to sentence Hornyak under ACCA's mandatory minimum provision when one of his qualifying convictions satisfied only the residual clause.  *See* 135 S. Ct. at 2563 (holding that the residual clause is unconstitutionally vague).  That error was plain and obvious, even though precedent foreclosed it at the time of sentencing, because the error became clear in light of a decision announced while this case was still on direct appeal. *Henderson v. United States*, 133 S. Ct. 1121, 124–25 (2013).  And the error substantially affected Hornyak's substantial rights.  He received a sentence 68 months above the maximum that applies in the absence of the

3

No. 14-50299

ACCA enhancement. *See United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (finding that because error "added 60 months to [the defendant's] sentence, we have little trouble determining that it affected [his] substantial rights").

That leaves the question of whether the *Johnson* error seriously affected the fairness, integrity, or public reputation of the proceeding, in which case we have discretion to correct it. Although that standard is not met every time an error affects a defendant's substantial rights, *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc), it is in this case. Keeping a defendant in prison for at least an extra 68 months because of a clause in a statute declared unconstitutionally void during his direct appeal would cast significant doubt on the fairness of the criminal justice system in such a case. We have found this final plain error inquiry satisfied on numerous occasions when a higher sentence resulted not from an unconstitutional statute, but from misapplication of the Sentencing Guidelines within a lawful statutory maximum. *See, e.g.*, *United States v. Hernandez*, 690 F.3d 613, 621 (5th Cir. 2012) (finding plain error in a sentence 12 months outside of the correct Guidelines range); *United States v. Mudekunye,* 646 F.3d 281, 290–91 (5th Cir. 2011) (per curiam) (finding that the 19 month "substantial disparity between the imposed sentence and the applicable Guidelines range warrants the exercise of our discretion to correct the error"); *United States v. John*, 597 F.3d 263, 286–88 (5th Cir. 2010) (finding plain error in the imposition of a sentence 21 months outside of the correct Guidelines range). An error of constitutional magnitude that transforms a ten-year maximum sentence into a fifteen-year minimum sentence presents an easier call than those cases. *Cf. United States v. Knowles*, 29 F.3d 947, 951–52 (5th Cir. 1994) (holding that failure to vacate a conviction pursuant to a statute later held to violate the Commerce Clause "would seriously affect the fairness, integrity, and public reputation of judicial

proceedings").    We thus conclude that the error in using the ACCA's now-void residual clause to set a fifteen-year minimum sentence satisfies all four of the conditions necessary for us to have discretion to correct it.

We elect to exercise that discretion to correct the error.  The judgment of the district court therefore is VACATED and the case is REMANDED for resentencing in light of *Johnson.*