**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio MALDONADO, Defendant–Appellant.**

**No. 14–40562**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 11, 2016.

Eileen K. Wilson, Assistant U.S. Attorney, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

**362**

Before PRADO, OWEN, and GRAVES, Circuit Judges.

### ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

The Supreme Court granted Antonio Maldonado's petition for certiorari, vacated this court's judgment, and remanded for further proceedings[1] in light of *Johnson v. United States.*[2] We vacate Maldonado's sentence and remand for further proceedings.

### I

The district court imposed a fifteen-year minimum sentence after concluding that the Armed Career Criminal Act (ACCA)[3] applied based on three predicate convictions. Two of those convictions were for evading arrest or detention using a vehicle, a violation of Texas Penal Code § 38.04.[4]

The district court concluded that these offenses came within the residual clause of the ACCA because they "involve[d] conduct that presents a serious potential risk of physical injury to another."[5] We affirmed this conclusion on appeal.[6] Eight days later, the Supreme Court issued its decision in *Johnson v. United States,* which held that the residual clause is unconstitutionally vague.[7] Maldonado filed a petition for certiorari asking that our decision be vacated in light of *Johnson.* The Supreme granted certiorari, vacated our judgment, and remanded the case to this court for further consideration.[8]

### II

■ The judgment against Maldonado was not final when *Johnson* was decided,[9] and the *Johnson* decision announced law that applies in Maldonado's case. Since Maldonado did not argue in the district court or the court of appeals that the residual clause was unconstitutionally vague, "we review the issue for plain error."[10] Whether the error was plain is measured "at the time of appellate consideration," even though the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *Maldonado v. United States,* —— U.S. ——, 136 S.Ct. 510, 193 L.Ed.2d 392 (2015) (Mem.).

2. —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

3. 18 U.S.C. § 924(e)(1).

4. *See United States v. Harrimon,* 568 F.3d 531, 537 (5th Cir.2009) (concluding that the violation of this statute is a violent felony under the ACCA's residual clause).

5. 18 U.S.C. § 924(e)(2)(B)(i)-(iii).

6. *United States v. Maldonado,* 608 Fed.Appx. 244, 244 (5th Cir.2015) (per curiam).

7. 135 S.Ct. at 2557.

8. *Maldonado v. United States,* —— U.S. ——, 136 S.Ct. 510, 193 L.Ed.2d 392 (2015) (Mem.).

9. *See Gonzalez v. Thaler,* —— U.S. ——, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012) ("[A] federal judgment becomes final 'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires.'" (quoting *Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003))).

10. *United States v. Hornyak,* 805 F.3d 196, 199–200 (5th Cir.2015) (vacating sentence of prisoner and remanding for resentencing after Supreme Court vacated decision below in light of *Johnson* ).

application of the mandatory minimum was consistent with the law at the time.[11]

▉ Under plain error review, the defendant is entitled to relief if there is an "error or defect" that is "clear or obvious" and "affected the appellant's substantial rights."[12] If these criteria are met, we have discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[13] The first prong is met in this case. The second prong is also met; Maldonado's substantial rights were affected by the error because it "affected the outcome of the district court proceedings."[14] It does not appear from the record available to us that Maldonado has three criminal convictions for "serious drug offense[s]" or "violent felon[ies]."[15] Without three predicate convictions, Maldonado would have faced a maximum of ten years' imprisonment, rather than a minimum of fifteen years.[16] There is a "reasonable probability that, but for the district court's error, [Maldonado] would have received a lesser sentence."[17]

▉ The Supreme Court has explained that our discretion to correct plain error ought only be exercised "if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"[18]

This standard is met here because requiring Maldonado to serve an additional five years in prison based on a statute that has since been held unconstitutional "would cast significant doubt on the fairness of the criminal justice system."[19]

\*　　\*　　\*

The judgment of the district court therefore is VACATED and the case is REMANDED for further sentencing proceedings in light of *Johnson.*

---

11. *Henderson v. United States,* —— U.S. ——, 133 S.Ct. 1121, 1127, 185 L.Ed.2d 85 (2013) ("[I]t [is] 'enough that an error be "plain" at the time of appellate consideration' for that error to fall within Rule 52(b)'s category of 'plain error.'" (quoting *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997))).

12. *Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

13. *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

14. *United States v. Prieto,* 801 F.3d 547, 550 (5th Cir.2015) (per curiam) (quoting *Puckett,* 556 U.S. at 135, 129 S.Ct. 1423).

15. *See* 18 U.S.C. § 924(e)(1).

16. *Id.* § 924(a)(2), (e)(1).

17. *See United States v. Rivera,* 784 F.3d 1012, 1018 (5th Cir.2015) (brackets omitted) (quoting *United States v. John,* 597 F.3d 263, 284–85 (5th Cir.2010)).

18. *Puckett,* 556 U.S. at 135, 129 S.Ct. 1423 (brackets omitted) (quoting *Olano,* 507 U.S. at 736, 113 S.Ct. 1770).

19. *United States v. Hornyak,* 805 F.3d 196, 199 (5th Cir.2015).