# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10550

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DRAYON CONLEY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-4-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

The Supreme Court granted Drayon Conley's petition for writ of certiorari, vacated this court's judgment, and remanded the case for further consideration in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Conley v. United States*, 137 S. Ct. 153 (2016) (mem.). On remand, we requested letter

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

briefs from the parties regarding whether, in light of *Mathis* and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), this court should vacate Conley's sentence and remand for resentencing because the district court committed plain error by finding that Conley's prior conviction under Texas Health & Safety Code § 481.112(a) constituted a controlled substance offense under U.S.S.G. § 2K2.1(a)(4)(A). In light of *Mathis* and *Hinkle*, Conley's base offense level was erroneously assigned because his prior conviction under Texas Health & Safety Code § 481.112(a) did not constitute a controlled substance offense, and this error was clear. *See United States v. Hornyak*, 805 F.3d 196, 199 (5th Cir. 2015) ("That error was plain and obvious, even though precedent foreclosed it at the time of sentencing, because the error became clear in light of a decision announced while this case was still on direct appeal."). The Government does not contest the third and fourth prongs of plain error review and does not oppose vacatur of Conley's sentence and remand for resentencing. Accordingly, we VACATE Conley's sentence and REMAND for resentencing.