# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41034
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

HECTOR ALEXANDER CABRERA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-198-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Hector Cabrera was convicted of being unlawfully present in the United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41034

States after removal and was sentenced to a 38-month term of imprisonment. He contends that the district court erred by applying an eight-level aggravated-felony enhancement under U.S.S.G. § 2L1.2(b)(1)(C) (2014) and by entering a judgment reflecting that he was convicted and sentenced under 8 U.S.C. § 1326(b)(2). He contends that his Texas conviction of evading arrest with a motor vehicle is not an aggravated felony because the definition of "crime of violence" in 18 U.S.C. § 16(b), which is incorporated by reference into the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43)(F) and thus applies for purposes of § 2L1.2(b)(1)(C), is unconstitutionally vague on its face and as applied to him in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Cabrera raised no sentencing objections in the district court, so our review is only for plain error, *see United States v. Juarez*, 626 F.3d 246, 253–54 (5th Cir. 2010), meaning that Cabrera must identify (1) a forfeited error (2) that is clear and obvious and (3) that affects his substantial rights, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies those three requirements, this court may, in our discretion, remedy the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks and citation omitted).

The government has moved unopposed for summary affirmance in lieu of filing a brief. In the alternative, it moves for an extension of time to file its brief. Although *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259), forecloses relief on Cabrera's theory that, in light of *Johnson*, § 16(b) is unconstitutionally vague on its face, his contention that § 16(b) is unconstitutional as applied to him is not foreclosed by *Gonzalez-Longoria*. Accordingly, we decline to issue a summary affirmance. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

No. 15-41034

Cabrera's "as applied" challenge turns on whether he was "able to apprehend that he could face enhanced punishment because his prior offense naturally involves physical force" and whether "the provision under which he was sentenced [was] not . . . so standardless as to invite arbitrary or discriminatory enforcement." *Gonzalez-Longoria*, 831 F.3d at 677. The Texas offense of evading arrest with a motor vehicle is a crime of violence under § 16(b) and thus is an "aggravated felony." *See United States v. Sanchez-Ledezma*, 630 F.3d 447, 451 (5th Cir. 2011). In *Sanchez-Ledezma*, we noted that that offense "typically involves violent force which the arresting officer must in some way overcome" and "will typically lead to a confrontation with the officer being disobeyed, a confrontation fraught with risk of violence." *Id.* at 450–51 (internal quotation marks and citation omitted). Thus, the standard of § 16(b) can be straightforwardly applied to Cabrera's state conviction, and he was on sufficient notice that that offense is considered violent "because it involves a substantial risk that, in the course of its commission, force will be used against another." *Gonzalez-Longoria*, 831 F.3d at 678.

Accordingly, there was no error, and certainly no clear or obvious error, in the determination that Cabrera's state conviction is an aggravated felony for purposes of §§ 2L1.2(b)(1)(C) and 1326(b)(2). Further briefing is therefore not necessary.

The motion for summary affirmance is DENIED. Because we dispense with further briefing, the alternative motion for an extension of time to file a brief is DENIED. The judgment is AFFIRMED.