# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10670
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN GOMEZ-UREABA, also known as Gerardo Gomez-Uribe, also known as Angel Uribe,

Defendant-Appellant

---------------------------------------------------------------------------------------------------------------

Cons. w/ No. 15-10870

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVANO GARCIA-IBARRA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-60-1
USDC No. 6:15-CR-9-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

No. 15-10670 c/w
No. 15-10870

PER CURIAM:[*]

Adrian Gomez-Ureaba pleaded guilty to illegal reentry into the United States and received a within-guidelines sentence of 34 months in prison and a one-year term of supervised release. Silvano Garcia-Ibarra likewise pleaded guilty to illegal reentry, and he received a within-guidelines sentence of 18 months in prison and a three-year term of supervised release. Each appellant was sentenced in accordance with a determination that his prior Texas conviction for evading arrest with a motor vehicle amounted to an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) (2014), which incorporates the definition of crime of violence found in 18 U.S.C. § 16(b).

First, the appellants argue that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), § 16(b) is facially unconstitutional. As they concede, this argument is foreclosed. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 677 (5th Cir. 2016) (en banc), *petition for cert. filed* (Sept. 29, 2016) (No. 16-6259). Their argument that § 16(b) is unconstitutional as applied to them likewise fails, as the standard of § 16(b) can be straightforwardly applied to their prior convictions. *See Gonzalez-Longoria*, 831 F.3d at 677-78; *see also United States v. Sanchez-Ledezma*, 630 F.3d 447, 450-51 (5th Cir. 2011).

Finally, their argument that *Johnson* casts doubt upon *Sanchez-Ledezma* is unpersuasive. Because the former case is not squarely on point with the latter, we will not revisit the latter. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.