# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40227

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

JOSE PRISCILIANO GRACIA-CANTU,

      Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-815-1

Before KING*, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:**

We WITHDRAW our prior panel opinion and SUBSTITUTE this opinion. Jose Prisciliano Gracia-Cantu appeals the district court's determination that a conviction under Texas Penal Code sections 22.01(a)(1) and (b)(2) for "Assault – Family Violence" qualifies as a crime of violence under 18 U.S.C. § 16, and is therefore an aggravated felony for purposes of 8

---

* Concurring in the judgment only.

** Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 15-40227

U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(C). Consistent with our binding precedent, we determine that a conviction under Texas Penal Code sections 22.01(a)(1) and (b)(2) does not fall within the definition of a crime of violence under 18 U.S.C. § 16(a). In light of the Supreme Court's holding that as incorporated in the Immigration and Nationality Act context 18 U.S.C. § 16(b) is unconstitutionally vague, and because the government forfeited the argument that § 16(b) continues to apply in the Guidelines context, we determine that the sentence cannot be supported by § 16(b) either.[1] Therefore, we VACATE Gracia-Cantu's sentence and REMAND for resentencing.

## I.

Gracia-Cantu pleaded guilty to a single-count indictment for being an alien unlawfully present in the United States following deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Gracia-Cantu had a prior Texas felony conviction for "Assault – Family Violence" under Texas Penal Code sections 22.01(a)(1) and (b)(2). The pre-sentence report recommended an eight-level increase pursuant to 8 U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(C) because Gracia-Cantu had been previously convicted of an aggravated felony prior to deportation. Gracia-Cantu filed an objection to the

---

[1] We do not address the government's untimely argument, raised in two sentences for the first time in its 28(j) letter after the issuances *of Sessions v. Dimaya*, 138 S.Ct. 1204 (2017), that *Dimaya* is not dispositive because Gracia-Cantu's § 16(b) challenge is essentially a challenge to the Guidelines, which are not subject to a void for vagueness challenge under *Beckles v. United States*, 137 S. Ct. 886 (2017). *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (noting that "[i]t is not enough to merely mention or allude to a legal theory" and hold that the party forfeited the argument where he "merely mention[ed] it in conclusory sentences tacked to the end of paragraphs"). The government did not argue at any point in its briefing that the Guidelines are not subject to a void-for-vagueness challenge or file a 28(j) letter in this case after *Beckles* was issued. The government forfeited the argument that the Guidelines context precludes Gracia-Cantu's argument that § 16(b) is unconstitutionally vague and cannot support his sentence.

No. 15-40227

pre-sentence report, arguing that because his prior Texas conviction was not a crime of violence under 18 U.S.C. § 16, the conviction did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) and U.S.S.G. § 2L1.2(b)(1)(C). As to § 16(a), Gracia-Cantu objected that the use of force is not an element of the offense under Fifth Circuit precedent, and as to § 16(b), he objected that the offense does not always entail a substantial risk that force will be used. The government argued that the statutes presented a risk of force, even if they did not require the use of force, and that the statutes do require the use of force under intervening Supreme Court caselaw.

The district court overruled the objection, finding that the prior offense was a crime of violence qualifying as an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). In doing so, the district court looked at the prior judgment of conviction, which stated that the bodily injury occurred by "striking said Maria Garcia on or about the head with an object: to wit, a can." The district court then stated: "And by striking and, you know, clearly, common sense tells you that you strike somebody with—I mean, first of all, causing bodily injury by striking her with a can is—requires force." Gracia-Cantu timely appealed his 41-month sentence.

## II.

We first address whether Gracia-Cantu's prior conviction qualifies as a crime of violence under 18 U.S.C. § 16(a). When, as here, a defendant properly preserves an objection to the classification of a prior offense as an aggravated felony, our review is *de novo*. *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003); *see also United States v. Sanchez-Ledezma*, 630 F.3d 447, 449 (5th Cir. 2011) (stating that review is *de novo* where an "appeal concerns only the interpretation of the United States Sentencing Guidelines and statutory provisions incorporated in the Sentencing Guidelines by reference").

No. 15-40227

Section 16(a) defines a "crime of violence" as: "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 16(a).  During the pendency of this appeal, multiple Supreme Court and Fifth Circuit decisions interpreting the term "crime of violence" in different statutory and Guidelines contexts have shifted the legal landscape.  The government argues that the court's precedent that a conviction under Texas Penal Code section 22.01(a)(1) is not a crime of violence for § 16(a) purposes has been abrogated by *United States v. Castleman*, 134 S. Ct. 1405 (2014), and *Voisine v. United States*, 136 S. Ct. 2272 (2016).  *See United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006) (holding that the "use of force is not an element of assault under section 22.01(a)(1), and the assault offense does not fit subsection 16(a)'s definition for crime of violence"); *United States v. Vargas-Duran*, 356 F.3d 598, 606 (5th Cir. 2004) (en banc) (stating that there is "a difference between a defendant's causation of an injury and the defendant's use of force").

The government's argument, however, is foreclosed by our rule of orderliness.  *See United States v. Tanksley*, 848 F.3d 347, 350 (5th Cir. 2017) (stating that under the rule of orderliness "one panel of this Court may not overrule another" unless a "Supreme Court decision 'expressly or implicitly' overrules one of our precedents" (first quoting *United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014); and then quoting *United States v. Kirk*, 528 F.2d 1057, 1063 (5th Cir. 1976))).  In *United States v. Rico-Mejia*, the court held that "*Castleman* does not disturb this court's precedent regarding the characterization of crimes of violence . . . ."  859 F.3d 318, 322–23 (5th Cir. 2017).  We again confirmed that *Castleman* did not overrule our precedent in *United States v. Reyes-Contreras*, 882 F.3d 113, 123 (5th Cir. 2018) ("A post-*Castleman* panel, in *United States v. Rico-Mejia* . . . , has already held that *Castleman* does not abrogate our decisions on the use of force under the

No. 15-40227

Guidelines, binding us by the rule of orderliness."). While the government contends that *Rico-Mejia* itself does not adhere to the rule of orderliness, the *Reyes-Contreras* decision already determined that *Rico-Mejia* is the court's controlling precedent.[2]  *See id.*  Therefore, under our binding precedent, Gracia-Cantu's conviction is not a crime of violence under § 16(a).[3]

## III.

We next address whether Gracia-Cantu's conviction qualifies as a crime of violence under 18 U.S.C. § 16(b).[4]  During the pendency of this appeal, the Court held in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), that § 16(b) as incorporated in the Immigration and Nationality Act is unconstitutionally vague.  *Id.* at 1211–12, 1223.  The parties agree that Gracia-Cantu did not object at the time of sentencing that § 16(b) is void for vagueness and that review is for plain error. Puzzlingly though, the government utterly fails to brief the plain-error issue and instead relies on the foreclosure argument, which is not enough, as the Supreme Court has the last word.  Under these circumstances, we are satisfied that appellant has established plain error.

To obtain relief under plain-error review, an appellant must show: (1) an error or defect that was not affirmatively waived; (2) the legal error is clear or obvious; (3) the error affected the appellant's substantial rights; and

---

[2] The government acknowledged at oral argument that it raised its argument that *Rico-Mejia* did not adhere to the rule of orderliness in its *Reyes-Contreras* briefing.

[3] Since oral argument in the instant case, the government has filed a petition for rehearing en banc in *Reyes-Contreras*, which remains pending.

[4] Gracia-Cantu raised two arguments as to § 16(b): (1) that § 16(b) is unconstitutionally vague; and (2) that Gracia-Cantu's Texas assault conviction does not present a substantial risk of using physical force.  Because the government has forfeited the argument that post-*Dimaya* § 16(b) nonetheless continues to apply in the Guidelines context, we determine that the first argument is dispositive of the appeal and do not reach the second.

(4) if the first three prongs are satisfied, that the court should exercise its discretion to correct the error because it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Carlile*, 884 F.3d 554, 556–57 (5th Cir. 2018) (quoting *United States v. Prieto*, 801 F.3d 547, 549–50 (5th Cir. 2015)).

*Dimaya* held that § 16(b) is unconstitutionally vague and therefore void—at least in certain contexts. The government forfeited its argument that Gracia-Cantu's challenge to § 16(b) is essentially a challenge to the Guidelines, which are not subject to a void-for-vagueness challenge under *Beckles v. United States*, 137 S. Ct. 886 (2017). *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (quoting *Knatt v. Hosp. Serv. Dist. No. 1*, 327 F. App'x 472, 483 (5th Cir. 2009))). At the time of sentencing, Supreme Court precedent foreclosed the objection that § 16(b) is unconstitutionally vague, and after an intervening change in the law, that argument was again foreclosed by this court during the pendency of Gracia-Cantu's appeal. However, "the error became clear in light of a decision announced while this case was still on direct appeal." *United States v. Hornyak*, 805 F.3d 196, 199 (5th Cir. 2015) (citing *Henderson v. United States*, 568 U.S. 266, 269 (2013)). This error affected Gracia-Cantu's substantial rights, as he received a 41-month sentence that is 11 months above the Guidelines range that applies for Gracia-Cantu's criminal-history level if a conviction under Texas Penal Code sections 22.01(a)(1) and (b)(2) is not a crime of violence under 18 U.S.C. § 16. *See United States v. Reyes-Ochoa*, 861 F.3d 582, 589 (5th Cir. 2017) ("[A] sentence under an incorrect Guidelines range 'can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.'" (quoting *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016))).

## No. 15-40227

Determining that Gracia-Cantu satisfies the first three prongs of plain-error review, we turn to whether prong four is satisfied.    Gracia-Cantu argues that we should exercise our discretion on prong four because the district court did not indicate that it would have imposed an above-Guidelines sentence if it had considered the correct range.    The government has not argued here that we should not exercise our fourth-prong discretion.[5]

Gracia-Cantu's sentence was 11 months above the top of his correct Guideline range—a 36% increase.    "We conclude 'that the substantial disparity between the imposed sentence and the applicable Guidelines range warrants the exercise of our discretion to correct the error.'" *Reyes-Ochoa*, 861 F.3d at 589 (quoting *United States v. Mudekunye*, 646 F.3d 281, 291 (5th Cir. 2011)).    Moreover, counseling in favor of exercising our discretion here is that the higher sentence resulted from the application of a statute declared unconstitutionally void by the Supreme Court while the claim was on direct appeal.    *See United States v. Maldonado*, 638 F. App'x 360, 363 (5th Cir. 2016) (exercising fourth-prong discretion because requiring the appellant to serve additional prison time based on an unconstitutional statute "would cast significant doubt on the fairness of the criminal justice system" (quoting *Hornyak*, 805 F.3d at 199)); *Hornyak*, 805 F.3d at 199 (stating that if the error resulting in a higher sentence is of a "constitutional magnitude," it is a factor that favors exercising fourth-prong discretion); *see also United States v. Torres*, 856 F.3d 1095, 1100 (5th Cir. 2017) (stating that the exercise of fourth-prong discretion is appropriate when there is a significant disparity in time to be served and the presence of an additional element that "raises a

---

[5] The government's April 25, 2018 28(j) letter contends that the court must consider whether Gracia-Cantu prevails under the fourth prong but does not contain any argument as to why Gracia-Cantu does not prevail other than directing the court to approximately fifteen seconds of audio during oral argument.    This is insufficient to contest Gracia-Cantu's fourth-prong arguments.    *See Scroggins*, 599 F.3d at 446.

question as to the 'fairness of judicial proceedings'" (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Here, under the totality of circumstances of this case, including that the government has briefed no argument as to why we should not exercise our discretion, the increased sentence resulted from applying an unconstitutionally vague statute, and there was a substantial disparity between Guidelines ranges, we determine that we should exercise our discretion to correct the error.

## IV.

For the foregoing reasons, we VACATE Gracia-Cantu's sentence and REMAND for resentencing consistent with this opinion.