# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41206
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

HECTOR RUBEN MORALES-CARDENAS,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-1113-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and SOUTHWICK, Circuit Judges.*

PER CURIAM:**

Hector Ruben Morales-Cardenas was convicted of illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(1). He received a sentencing enhancement under U.S.S.G. § 2L1.2 based on a prior Texas felony conviction

---

\* Due to Judge Edward Prado's retirement on April 2, 2018, this matter is being decided by a quorum. *See* 28 U.S.C. § 26(d).

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41206

for evading arrest with a motor vehicle. On appeal, he acknowledged that his constitutional vagueness challenge to 18 U.S.C. § 16(b) was foreclosed by our precedent. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We granted his motion for summary disposition and affirmed the district court's judgment. *United States v. Morales-Cardenas*, 677 F. App'x 200, 201 (5th Cir. 2017). The Supreme Court granted certiorari, vacated the judgment, and remanded the case for further consideration in light of *Dimaya*.

The parties have submitted a joint supplemental letter brief addressing the action we should take on remand. The parties agree that we have already held that Section 16(b) "remains incorporated into the advisory-only Guidelines for definitional purposes." *United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018). They also jointly acknowledge our precedent holding that the Texas felony of evading arrest with a motor vehicle satisfies Section 16(b). *See United States v. Sanchez-Ledezma*, 630 F.3d 447, 450–51 (5th Cir. 2011). Accordingly, Morales-Cardenas's argument that his sentencing enhancement was erroneously imposed remains foreclosed by our precedent.

AFFIRMED.