# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――

No. 15-10670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2018

Lyle W. Cayce
Clerk

―――――――

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN GOMEZ-UREABA, also known as Gerardo Gomez-Uribe, also known as Angel Uribe,

Defendant-Appellant

Consolidated with Case No. 15-10870

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SILVANO GARCIA-IBARRA,

Defendant - Appellant

―――――――――――

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-60-1
USDC No. 6:15-CR-9-1

―――――――――――

No. 15-10670
c/w No. 15-10870

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:*

Adrian Gomez-Ureaba pleaded guilty to illegal reentry into the United States and received a within-guidelines sentence of 34 months in prison and a one-year term of supervised release. Silvano Garcia-Ibarra likewise pleaded guilty to illegal reentry, and he received a within-guidelines sentence of 18 months in prison and a three-year term of supervised release. Each appellant was sentenced in accordance with a determination that his prior Texas conviction for evading arrest with a motor vehicle amounted to an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) (2014), which incorporates the definition of crime of violence found in 18 U.S.C. § 16(b). We rejected their challenges to their sentences and affirmed. *United States v. Gomez-Ureaba*, 686 F. App'x 271 (5th Cir. 2017).

The Supreme Court granted their petition for a writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which held that § 16(b) is unconstitutionally vague. However, we then held that § 16(b) remains validly incorporated into the advisory Guidelines for definitional purposes. *United States v. Godoy*, 890 F.3d 531, 540 (5th Cir. 2018). Accordingly, the appellants' sentences are still valid. However, Gomez-Ureaba's prior conviction does not constitute an aggravated felony warranting judgment under § 1326(b)(2). Accordingly, Gomez-Ureaba's judgment is MODIFIED to reflect that he was convicted and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10670
c/w No. 15-10870

sentenced under 8 U.S.C. § 1326(a) and (b)(1), and the judgment as modified is AFFIRMED.    Garcia-Ibarra's judgment is likewise AFFIRMED.    Because Gomez-Ureaba's release date is imminent, the mandate shall issue forthwith.