# United States Court of Appeals for the Fifth Circuit

No. 24-20077

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2025

Lyle W. Cayce
Clerk

Mukhtar Owais,

*Petitioner—Appellant*,

*versus*

Jennifer Goerig,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-2056

_____

Before Elrod, *Chief Judge*, and Davis and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Petitioner Mukhtar Owais, a native of Pakistan and lawful permanent resident of the United States, challenges the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. Owais claims he was denied effective assistance of counsel in violation of the Sixth Amendment because his attorney failed to advise him that a conviction of the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20077

charged offense—evading arrest with a motor vehicle, in violation of Texas Penal Code § 38.04(b)(2)(A)—would result in his automatic deportation.

The state habeas court in a detailed opinion concluded that federal immigration law in 2016 was not "truly clear"[1] as to whether the offense qualified as a "crime of violence" as defined by 18 U.S.C. § 16(b) and therefore as an automatically deportable offense under the Immigration and Nationality Act. *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii) (providing for the removal of any alien convicted of an aggravated felony), 1101(a)(43)(F) (incorporating 18 U.S.C. § 16 into "aggravated felony" definition). Based on that conclusion, the state habeas court held that Owais's counsel's advice during plea bargaining was adequate.

Owais then filed a 28 U.S.C. § 2254 federal habeas petition asserting the same ineffective-assistance-of-counsel claim. The district court denied the petition.

We agree with the district court that, under the Antiterrorism and Effective Death Penalty Act (AEDPA), the state court's decision did not "involve[] an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). The district court gave a number of cogent reasons, with which we agree, to support this conclusion.[2] The single argument Owais raises is that, in 2016, the law was clear in the Fifth Circuit that the charged offense qualified as a crime of violence under 18 U.S.C. § 16(b);[3] hence, the state court's failure to

---

[1] *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). *See generally Strickland v. Washington*, 466 U.S. 668 (1984).

[2] *See Owais v. Goerig*, No. H-22-2056, 2024 WL 287696, at *6–8 (S.D. Tex. Jan. 25, 2024).

[3] The Fifth Circuit decisions Owais primarily relies on are *United States v. Sanchez-Ledezma*, 630 F.3d 447, 449–51 (5th Cir. 2011) (determining that the Texas crime of

No. 24-20077

follow *that* precedent was an unreasonable application of federal law. We disagree. In the AEDPA context, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' It therefore cannot form the basis for habeas relief under AEDPA."[4] "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous."[5] In the absence of clearly established law from the Supreme Court, the state court must reasonably exercise its judgment based on all relevant federal law. Therefore, we agree with the district court's analysis concluding that the state court did not unreasonably apply federal law as determined by the Supreme Court in rejecting Owais's claim for habeas relief.

We see no reason to repeat the excellent reasoning of the district court on the multiple issues in this case. For these reasons and those explained by the district court in its careful and thorough opinion, we AFFIRM the district court's dismissal of Owais's habeas petition.

---

evading arrest with a motor vehicle qualifies as a "crime of violence" under § 16(b)), and *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc) (rejecting argument that § 16(b)'s "crime of violence" definition is unconstitutionally vague), *abrogated by Sessions v. Dimaya*, 584 U.S. 148 (2018). *But see Shuti v. Lynch*, 828 F.3d 440, 451 (6th Cir. 2016) (finding § 16(b) unconstitutionally vague); *United States v. Vivas–Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (same); *see also Dimaya*, 584 U.S. at 174–75 (resolving the circuit conflict and invalidating § 16(b) as unconstitutionally vague). *See generally Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004))).

[4] *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam) (citation omitted); *see also Burt v. Titlow*, 571 U.S. 12, 19 (2013) ("AEDPA recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights.").

[5] *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003) (per curiam).